NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL K. FISCHER, | No. 15-56736 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00725-MWF-DFM |
| v. | |
| DAWN T. ALGERS, individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Michael K. Fischer, a California state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2015), and may affirm on any basis supported by the record, *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment was proper because Fischer failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies before filing his lawsuit or whether administrative remedies were "effectively unavailable." *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act ("PLRA") requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (PLRA does not require exhaustion when remedies are "effectively unavailable").

**AFFIRMED.**